## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ALBA DIAZ-GARCIA, *et al.*,

    **Plaintiffs**,

           **v.**

RAFAEL SURILLO-RUIZ, *et al.*,

    **Defendants**.

**Civil No.** 13-1473 (FAB)

### MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is plaintiffs' motion *in limine* to preclude defendants from presenting the testimonies of Jorge Donato ("Donato") and Wanda Castro ("Castro"), (Docket No. 186), which defendants oppose, (Docket No. 187.) Plaintiffs then replied. (Docket No. 193.) For the reasons that follow, the Court **DENIES** plaintiffs' motion.

### BACKGROUND

Current and former employees of the Diagnosis and Treatment Health Center of Yabucoa ("CDT") brought this political discrimination suit, pursuant to 42 U.S.C. § 1983, against the Municipality of Yabucoa (the "Municipality"), the mayor of Yabucoa, Rafael Surillo-Ruiz ("Mayor Surillo"), SM Medical Services, CSP ("SM Medical"), the Director of SM Medical, Ricardo Rivera-Garcia ("Rivera"), the President of SM Medical, Victor Simmons ("Simmons"), and the Municipality's Liaison Officer with

SM Medical, Lydia Ivette Cruz ("Cruz") (collectively, "defendants"). (Docket No. 44.)

The complaint alleges that in November 2012 plaintiffs suffered adverse employment actions because of their political affiliation with the New Progressive Party ("NPP"). Id.

On October 31, 2013, the Court issued a Case Management Order ("CMO"). (Docket No. 52.) The CMO imposed a discovery deadline of October 24, 2014, and set trial to begin on April 27, 2015. Id. The CMO also mandated that the parties submit a Joint Case Management Memorandum ("Joint CMM"), which was to include a discovery plan, as well as a Proposed Joint Pretrial Order, which was to include the disclosures required by Federal Rule of Civil Procedure 26(a)(3). Id. at pp. 2-4, 12.

The parties submitted the Joint CMM on January 21, 2014. (Docket No. 76.) The Joint CMM's discovery plan set a June 1, 2014 deadline for announcing witnesses and for supplementing initial disclosures pursuant to Federal Rule of Civil Procedure 26(e). Id. at p. 32. With respect to pretrial disclosures, the Joint CMM did not impose a deadline, but instead referred to Federal Rule of Civil Procedure 26(a)(3). Id.

On October 21, 2014, the Court extended the discovery deadline to November 21, 2014. (Docket No. 124.) Then, on March 2, 2015, defendants Rivera, SM Medical, and Simmons moved for summary

judgment.   (Docket  Nos.  131-133.)   Defendants  Cruz,  the
Municipality, and Mayor Surillo also moved for summary judgment,
(Docket Nos. 135-137), and defendants opposed, (Docket Nos. 115-
160).

On March 20, 2015, the parties jointly moved to, *inter alia*,
extend the time for filing the Joint Proposed Pretrial Order,
(Docket No. 150), which the Court partially granted, (Docket
No. 151.)  On April 2, 2015, the parties filed the Joint Proposed
Pretrial Order.  (Docket No. 154.)

On April 9, 2015, defendants Cruz and Mayor Surillo filed a
motion to continue the jury trial in light of the pending motions
for summary judgment.  (Docket No. 161.)  On April 10, 2015, the
Court granted the motion to continue and stated that trial would
commence once the Court resolved the pending motions.[1]  (Docket
No. 163.)  The Court granted in part and denied in part the motion
for summary judgment on June 23, 2015.  (Docket No. 168.)  Then,
on April 4, 2016, SM Medical filed a motion to stay proceedings,[2]
(Docket No. 176), which the Court granted, (Docket No. 177.)  The
stay was vacated on February 15, 2017, (Docket No. 178), a pretrial

---

[1] Unless the case was dismissed in summary judgment.  (Docket
No. 163.)

[2] The motion to stay proceedings was granted but only as to
defendant SM Medical.  (Docket No. 176.)

conference was scheduled for August 11, 2017, and a jury trial was
scheduled for August 21, 2017, (Docket No. 181).

## DISCUSSION

On April 2, 2015, defendants informed plaintiffs that they
planned to use Donato and Castro as fact witnesses, (Docket No. 154
at p. 81), almost five months after the Court-imposed discovery
deadline of November 21, 2014, (Docket No. 124.) Plaintiffs
contend that the Court should exclude the testimonies because
defendants failed to disclose them while "discovery was still
open." (Docket No. 186 at p. 4.)

Federal Rule of Civil Procedure 26 provides the basic
framework for disclosure of witnesses. Rule 26(a)(1)(A)(i)
requires the initial disclosure of non-impeachment witnesses.[3] The
initial disclosures typically must be made "at or within 14 days
after the parties' Rule 26(f) conference."
Fed.R.Civ.P. 26(a)(1)(C). Once made, the disclosures must be kept
current, and a duty exists to supplement discovery responses. See
Fed.R.Civ.P. 26(e)(1). If a disclosure is untimely, "the party is
not allowed to use that information or witness to supply evidence

---

[3] Specifically, a party must provide to the other parties: "the
name . . . of each individual likely to have discoverable
information - along with the subjects of that information - that
a disclosing party may use to support its claims or defenses,
unless the use would be solely for impeachment."
Fed.R.Civ.P. 26(a)(1)(A)(i).

on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

"Since an important object of these rules is to avoid trial by ambush, the district court typically sets temporal parameters for the production of such information." Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003) (citing Fed. R. Civ. P. 16(b)). Such a timetable "promotes fairness both in the discovery process and at trial." Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992). In the event that no deadline is set, however, Rule 26(a)(3) imposes a baseline requirement that pretrial disclosures be made at least thirty days before trial. Fed.R.Civ.P. 26(a)(3)(B).[4] By its plain and ordinary terms, one of two deadlines controls pretrial disclosures: (1) as ordered by the Court; or (2) at least 30 days before trial.

Here, the precise deadline for announcing witnesses is unclear. According to the Court's CMO, the pretrial disclosures

---

[4] Rule 26(a)(3)'s pretrial disclosure requirement mandates that a party provide to the other parties certain information about the evidence that it may present at trial other than solely for impeachment, including: (i) "the name and, if not previously provided, the address and telephone number of each witness-- separately identifying those the party expects to present and those it may call if the need arises"; and (ii) "the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition." Fed.R.Civ.P. 26(a)(3).

are due as part of the Proposed Joint Pretrial Order.  See Docket
No. 52 at p. 12 ("The Proposed Joint Pretrial Order must contain:
The disclosures required by Rule 26(a)(3) . . . .").  According to
the parties' Joint CMM, the parties had until June 1, 2014, to
announce witnesses and to supplement initial disclosures.  (Docket
No. 76 at p. 32.)   With respect to the pretrial disclosure
deadline, however, the Joint CMM's discovery plan refers to Rule
26(a)(3) without further elaboration.   Id.

     The Court does not necessarily agree with plaintiffs that
defendants' announcement of Donato and Castro as witnesses was
untimely.   The parties assume that the discovery deadline is
synonymous with the deadline for disclosing trial witnesses.   The
First  Circuit  Court  of  Appeals,  however,  has  found  that
Rule 26(a)(3) "does not require disclosure of a prospective
witness' identity during the discovery period." Hernandez-Torres
v. Intercontinental Trading, Inc., 158 F.3d 43, 49 (1st Cir. 1998).
Thus, although the discovery deadline was set for November 21,
2014, (Docket No. 124), the parties were not necessarily required
to disclose their witnesses by that date.

     According to the Court's CMO, the pretrial disclosures were
initially due on March 23, 2015, as part of the Joint Pretrial
Order.   See Docket No. 52 at p. 12.  Due to the parties' jointly-
requested extension, the deadline to file the Joint Pretrial Order

- and, therefore, the Rule 26(a)(3) disclosures - was continued to April 2, 2015. (Docket No. 151.) On April 2, 2015, the parties did file the Joint Proposed Pretrial Order, in which defendants listed Donato and Castro as witnesses. (Docket No. 154 at p. 81.) As such, despite being made after the close of discovery, defendants' disclosures of Donato and Castro in the Joint Proposed Pretrial Order was not untimely. See Hernandez-Torres, 158 F.3d at 49 (finding district court did not err in permitting witness named in the October 16, 1996, pretrial order - "well over thirty days before trial commenced on November 21, 1996" - to testify at trial).

Additionally, the Federal Rules of Civil Procedure provide that "[u]nless the court orders otherwise," the pretrial disclosures "must be made at least 30 days before trial." Fed.R.Civ.P. 26(a)(3)(B). In this case, the pretrial conference was changed to August 11, 2017 and the Jury Trial was changed to August 21, 2017. (Docket No. 181.) Defendants announced Donato and Castro as witnesses back in April 2, 2015, well over the thirty day period imposed by Rule 26(a)(3).

Even assuming, as the parties do, that the discovery deadline in this case was synonymous with the pretrial disclosure deadline and that plaintiffs' disclosure was untimely, the sanction of preclusion is not automatic. See Esposito v. Home Depot U.S.A.,

Civil No. 13-1473 (FAB)                                                8

<u>Inc.</u>, 590 F.3d 72, 77 (1st Cir. 2009) ("Preclusion . . . 'is not a strictly mechanical exercise.'" (quoting <u>Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este</u>, 456 F.3d 272, 276 (1st Cir. 2006))). "[D]istrict courts have broad discretion in meting out Rule 37(c) sanctions for Rule 26 violations." <u>See Laplace-Bayard v. Batlle</u>, 295 F.3d 157, 162 (1st Cir. 2002). The mere fact of a late witness disclosure does not require the district court to bar the testimony. <u>Id.</u>

Accordingly, the Court **DENIES** the defendants' motion to preclude Donato and Castro as fact witnesses.

CONCLUSION

For the reasons expressed above, the Court finds that the issue of timeliness does not prevent the admission of Donato's and Castro's testimonies. Accordingly, the Court **DENIES** plaintiffs' motion *in limine* (Docket No. 186.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 20, 2017.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE